

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2008

# Tjhi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tjhi v. Atty Gen USA" (2008). *2008 Decisions*. Paper 902.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/902

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3570
_____

MIAU KIAN TJHI

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of Removal of the Board of Immigration Appeals
Agency No.  A96-203-452
Immigration Judge: R.K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
JULY 2, 2008

Before: FUENTES, ALDISERT AND GARTH,  Circuit Judges

(filed: July 3,  2008)

_____

OPINION
_____

PER CURIAM

        Miau Kian Tjhi, a native and citizen of Indonesia, seeks review of a final order of

removal.  For the reasons that follow, we will deny the petition for review.


        Tjhi entered the United States on June 13, 2001, at Los Angeles, California.  The

government issued a Notice to Appear on April 17, 2003, and Tjhi filed his application

for asylum, withholding of removal, protection under the Convention Against Torture

("CAT"), and voluntary departure on March 9, 2004. The Immigration Judge ("IJ") held

a hearing on November 10, 2005. Tjhi testified that he is an ethnic Chinese and a

Buddhist. In 1996, rioters burned down his parents' store. Tjhi presented photographs of

the resulting damage. After the riots, Tjhi moved to Taiwan on the advice of his parents.

In 1998, while he was living in Taiwan, anti-Chinese rioters destroyed his brother's store.

Tjhi remained in Taiwan until 2000 and returned to Indonesia only because he lacked

legal status in Taiwan. Tjhi admitted that he suffered no serious injury or harm as a result

of the two riots. Nonetheless, he testified that he fears he will be persecuted if he returns

to Indonesia.

The IJ determined that Tjhi had not carried his burden of proof for withholding of

removal or for relief under CAT, but granted his application for voluntary departure. The

BIA affirmed.[1]

To qualify for withholding of removal, a petitioner must establish that it is more

---

[1]With respect to Tjhi's claim for asylum, the IJ determined that Tjhi had failed to meet his burden of showing by clear and convincing evidence that he had applied for asylum within one year of his arrival, and that Tjhi had not alleged circumstances that would render him eligible for a waiver of the one-year filing deadline. 8 U.S.C. § 1158(a)(2)(B), (D). Tjhi has not raised this issue on appeal. In any event, we lack jurisdiction to review an IJ's determination that an applicant failed to file his asylum application within one year of arrival, or an IJ's discretionary decision that there are no changed or extraordinary circumstances that warrant consideration of the application. 8 U.S.C. § 1158(a)(3); Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008); Sun Wen Chen v. Att'y Gen., 491 F.3d 100, 105 (3d Cir. 2007).

likely than not that his life or freedom would be threatened due to a protected category if returned to his country. <u>Kaita v. Att'y Gen.</u>, 522 F.3d 288, 296 (3d Cir. 2008). Tjhi has not established any likelihood, let alone a "clear probability," that he will suffer any injury based on his Chinese ethnicity or his Buddhist religion.[2] <u>Id.</u> He has proffered no evidence to indicate that future riots are more likely than not, nor has he established a clear probability that he would be targeted or harmed should riots occur. Similarly, Tjhi failed to establish that, more likely than not, he would be tortured if he returns to Indonesia. To the extent Tjhi seeks a stay of removal or voluntary departure, his motion is denied.[3]

For the foregoing reasons, the petition for review is denied.

---

[2]It bears mention that counsel submitted a brief arguing at length that Chinese Christians are persecuted by Muslim Indonesians, an issue wholly irrelevant to this petition for review, particularly since Tjhi is not a Christian, but a Buddhist. It behooves counsel to strive to provide competent representation to his clients, many of whom make great sacrifices to pay his fees.

[3]Although Tjhi's brief refers to a motion for a stay of removal, no such motion was received by the Court.